

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 09 C 5551 | DATE | June 3, 2011 |
| CASE TITLE | Lopez v. Newell Rubbermaid et al | | |

**DOCKET ENTRY TEXT:**

The Court DENIES Plaintiff's Motion to Reconsider (doc. # 50).

■ [ For further details see below.]    Docketing to mail notice.

## STATEMENT

On May 4, 2011, the Court granted summary judgment in favor of the Defendants. The Plaintiff now moves to reconsider. Because the Plaintiff's Motion is utterly without merit, the Court need not waste its time or the Defendants' time with further briefing or in court proceedings and will resolve the motion on the Plaintiff's brief.

Plaintiff raises three arguments in support of his motion, each equally without merit. First, the Plaintiff argues that the Court is "judicially estopped" from finding that his Rule 56.1 materials were insufficient because it later addressed his arguments on the merits. This argument evidences a fundamental misunderstanding of the natures of both judicial estoppel and summary judgment. Judicial estoppel bars *parties* from playing fast and loose with the courts by prevailing twice on opposing theories. *In re Airadigm Commc'n, Inc.*, 616 F.3d 642, 661 (7th Cir. 2010). Even if judicial estoppel were a concept that applied to judicial opinions, the Court's finding that Plaintiff's Rule 56.1 materials were insufficient and the Court's decision to address Plaintiff's arguments on the merits are not inconsistent. A party moving for summary judgment must show not only that there are no genuine issues of material fact, but also that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Simply because the Court deemed many of the Defendants' statements of material fact to have been admitted did not abdicate the Court of the responsibility of discussing whether the undisputed facts entitled the Defendants to judgment as a matter of law. It did so, and in doing so applied the undisputed facts that it found to the legal arguments raised by the Plaintiff in opposition to the Defendants' motion. The Court extensively detailed the reasons why Plaintiff's 56.1 materials were inadequate. Plaintiff raises no argument that his 56.1 materials did in fact comply with the local rules, and the Court will not revisit its holding.

## STATEMENT

Plaintiff's second argument makes even less sense. As best the Court can tell, Plaintiff appears to believe that because the Court noted that "for the purposes of this motion, the court assumes that [several] actions could be considered materially adverse employment action[s]" that he has put forth sufficient evidence to stave off summary judgment on his retaliation claim. Plaintiff seems unaware that proving a "materially adverse employment action," even under the direct method, is but one element that he must prove. To prevail on a retaliation claim under the direct method, a plaintiff must prove that he engaged in statutorily protected activity, that he suffered an adverse employment action, *and* a causal connection between the two. *Leitgen v. Franciscan Skemp Healthcare, Inc.*, 630 F.3d 668, 673 (7th Cir. 2011). The Court explained why the undisputed material facts failed to demonstrate that there was a genuine issue regarding the causal connection of Plaintiff's statutorily protected activity and the assumed adverse employment actions. Plaintiff ignores entirely that portion of the Court's opinion and raises no argument that it was incorrect. Confusingly, Plaintiff suggests that the Court did not "appreciate" the close nature of the failure to promote him and his national origin claim. Plaintiff then elaborates pointing to the promotions of two other employees and a negative performance evaluation. But these are two (three, really) distinct adverse employment actions — and none of them is a statutorily protected activity. Contrary to the Plaintiff's argument that it did not make mention of these promotions, the Court discussed why they could not be considered retaliatory. It will not revisit that holding.

Finally, Plaintiff suggests that the Court did not address his discrimination claim. Plaintiff never raised such a claim. Plaintiff cited no case law discussing the elements of a Title VII national origin discrimination claim. Rather, he only discussed the elements of a retaliation claim. He admits that he did not raise such a claim in his formal pleadings. Instead, he claims that he preserved such a claim by raising it in an exhibit attached to his response. Judges are not like pigs hunting for truffles buried in briefs. *Untied States v. 5443 Suffield Terrace, Skokie, Ill.*, 607 F.3d 504, 510-511 (7th Cir. 2010). The Court will not construct a parties arguments for it. In any event, cursory and undeveloped arguments are waived. *McCoy v. Maytag Corp.*, 495 F.3d 515, 525 (7th Cir. 2007). Plaintiff's mention of deposition testimony raises a cursory argument of discrimination at best. It makes no mention of the elements of such a claim under either the direct or indirect method. Accordingly, the Court finds that if indeed Plaintiff raised such an argument, he has waived it.

The Court DENIES the Motion to Reconsider.

*Wm. J. Hibbler* (signature)